LAURA L. FARLEY, ESQ.
FARLEY & GRAVES, P. C.
807 G Street, Suite 250
Anchorage, Alaska 99501
(907) 274-5100  Fax (907) 274-5111

Attorneys for Plaintiffs St. Paul Fire and Marine
Insurance Company; Great American Insurance
Company of New York and Sunderland Marine
Mutual Insurance Co. Ltd.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a corporation; GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, a corporation; and SUNDERLAND MARINE MUTUAL INSURANCE CO., LTD, a corporation,

    Plaintiffs,

  v.

BRETT L. CLAGGETT, an individual and RENEE T. CLAGGETT, an individual and THE ESTATE OF CHARLES O. NELSON,

    Defendants.

Case No. 3:14-cv-_____ (____)

**COMPLAINT FOR DECLARATORY RELIEF AS TO INSURANCE POLICY COVERAGE**

COMPLAINT FOR DECLARATORY RELIEF AS TO INSURANCE POLICY COVERAGE
ST. PAUL FIRE & MARINE, ET AL V. CLAGGETT, ET AL.
CASE NO. 3:14-cv-_____ (_____)

Page 1 of 8      /k

Case 5:14-cv-00001-SLG   Document 1   Filed 02/07/14   Page 1 of 8

Come now Plaintiffs ST. PAUL FIRE AND MARINE INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, SUNDERLAND MARINE MUTUAL INSURANCE CO. LTD, (hereinafter collectively referred to as Plaintiffs or Underwriters), alleging the following claims for relief against Defendants BRETT L. CLAGGETT, RENEE T. CLAGGETT and The ESTATE OF CHARLES O. NELSON.

## JURISDICTION

1. This dispute involves a marine insurance policy covering a vessel in navigable waterways, and this Court has original admiralty jurisdiction pursuant to FRCP Rule 9(h) and 28 U.S.C. § 1333. This Court also has diversity jurisdiction under 28 U.S.C. §1332. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. Each of these statutes provides a separate and independent basis for this Court's subject matter jurisdiction.

## VENUE

2. Venue is proper in the District of Alaska because the Defendants reside within that district, and the underlying incident, as well as the alleged breaches of policy warranties or conditions took place within the district.

## GENERAL ALLEGATIONS

3. Plaintiff ST. PAUL FIRE AND MARINE INSURANCE COMPANY ("ST. PAUL") is now, and at all times herein material was, a corporation duly organized and existing according to law, which is incorporated in Connecticut and authorized to do business in Alaska.

4. Plaintiff GREAT AMERICAN INSURANCE COMPANY OF NEW YORK ("GAIC") is now, and at all times herein material was, a corporation duly organized and existing according to law, which is domiciled in the State of New York and authorized to do business in Alaska.

COMPLAINT FOR DECLARATORY RELIEF AS TO INSURANCE POLICY COVERAGE
ST. PAUL FIRE & MARINE, ET AL V. CLAGGETT, ET AL.
CASE NO. 3:14-cv-_____ (_____)
Page 2 of 8 /k

31659 sb070204
Case 3:14-cv-00001-SLG   Document 1   Filed 02/07/14   Page 2 of 8

5. Plaintiff SUNDERLAND MARINE MUTUAL INSURANCE CO. LTD ("SUNDERLAND") is now, and at all times herein material was, a corporation duly organized and existing according to law, which is incorporated in the United Kingdon and authorized to do business in Alaska.

6. Defendants BRETT L. CLAGGETT and RENEE T. CLAGGETT (hereinafter collectively "Claggett Defendants" or "Insureds") are now and at all times herein material were individuals residing in Alaska.

7. The ESTATE OF CHARLES O. NELSON II relates to a decedent who formerly resided in Alaska and whose ESTATE is being administered within the State of Alaska. The ESTATE is represented by Charles O. Nelson I, who on information and belief also resides in the State of Alaska.

8. Plaintiffs allege that at all times herein material, the Claggett Defendants owned the vessel "ISLAND DANCER," a fishing/tendering vessel.

9. Plaintiffs allege that on or about March 21, 2010, the Claggett Defendants renewed a contract of marine insurance affording Plaintiffs protection and indemnity (P&I) coverage for the ISLAND DANCER. The insurance policy, Commercial Fishing Policy Number LS123608-00, was drafted by Sea-Mountain Insurance (the independent insurance agent of the Claggett Defendants) and was effective from March 21, 2010 to March 21, 2011.

10. The Underwriters subscribed to various percentages of the policy coverage as follows: ST. PAUL 40% of the risk; GAIC 30% of the risk; and SUNDERLAND 30% of the risk. The terms and conditions of Commercial Fishing Policy No. LS123608-00 effective from March 21, 2010 to March 21, 2011, are set forth in Exhibit A attached hereto.

11. The policy of insurance was issued with the following "Lay-up Warranty": "Warranted the insured vessel shall be laid-up during the period from o/a 9/15, to o/a 3/15 and

COMPLAINT FOR DECLARATORY RELIEF AS TO INSURANCE POLICY COVERAGE
ST. PAUL FIRE & MARINE, ET AL V. CLAGGETT, ET AL.
CASE NO. 3:14-cv-_____ (_____)

Page 3 of 8 /k

31659.sb070204

Case 5:14-cv-00001-SLG   Document 1   Filed 02/07/14   Page 3 of 8

5/5 to 7/1, but with permission to move within the Port of lay-up for service and fueling. Permission is granted for occasional pleasure use during lay-up provided the vessel is attended at all times during hours of darkness while moored at any location having other than adequate mooring pier."

12. Thereafter, on or about June 9, 2010, the Claggett defendants specifically sought to change the lay-up period, resulting in Endorsement Number Two to the policy which provides, among other terms: "IT IS FURTHER WARRANTED THAT THE LAY-UP PERIOD IS AMENDED TO READ: O/A 9/1 to O/A 3/15 AND O/A 5/5 to o/A 6/25."

13. On or about January 12, 2011, during the period of time that the vessel ISLAND DANCER was warranted to be in lay-up, Defendant BRETT L. CLAGGETT used the ISLAND DANCER for a commercial sea cucumber harvesting. One of the divers, Charles O. Nelson, II, died during those sea cucumber diving operations. The Claggett Defendants had not advised Underwriters that they intended to engage in a commercial operation, including diving, during the warranted lay-up period from September 1 through March 15, nor did the Claggett Defendants advise Underwriters after the incident that the vessel was used for harvesting sea cucumbers during the warranted lay-up period or even that a diver had died.

14. On or about September 20, 2013, the personal representative of decedent Charles O. Nelson, II ("decedent Nelson") filed a Complaint seeking damages for the wrongful death of decedent Nelson in this Court in an action entitled *Christie Brendible as P.R. of the ESTATE OF CHARLES O. NELSON, II v. BRETT L. CLAGGETT and RENEE T. CLAGGETT,* District of Alaska Case No. 5:13-CV-0004-TMB ("the Underlying Lawsuit"). An Amended Complaint was filed on December 3, 2013 alleging Charles O. Nelson I to be the personal representative of the ESTATE.

COMPLAINT FOR DECLARATORY RELIEF AS TO INSURANCE POLICY COVERAGE
ST. PAUL FIRE & MARINE, ET AL V. CLAGGETT, ET AL.
CASE NO. 3:14-cv-_____ (_____)

Page 4 of 8 /k

Case 5:14-cv-00001-SLG   Document 1   Filed 02/07/14   Page 4 of 8

15.     On or about October 14, 2013, the Claggett Defendants (through their insurance broker Sea-Mountain Insurance) submitted a Notice of Loss to Underwriters regarding the January 12, 2011 incident resulting in the death of decedent Nelson. This was the first notice of the January 12, 2011 incident provided to Underwriters.

16.     Also on or about October 14, 2013, the Claggett Defendants (through their insurance broker Sea-Mountain Insurance) tendered their defense and indemnification in the Underlying Lawsuit to Underwriters pursuant to the Protection & Indemnity ("P&I") coverage section of Commercial Fishing Policy No. LS123608-00.

17.     On November 7, 2013, Underwriters advised the Claggett Defendants that all or part of the claims alleged in the Underlying Lawsuit may not be covered due to the Insureds' breach of the policy's Lay-Up Warranty by engaging in commercial operations during the warranted lay-up period and/or the Insureds' breach of the policy's prompt notice of claim condition. Underwriters agreed to provide the Claggett Defendants with a defense in the Underlying Lawsuit subject to a full reservation of Underwriters' rights under the policy and at law, including the right to seek a court declaration regarding coverage.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief As To Coverage)

18.     Plaintiffs reallege and incorporate each and every allegation within Paragraphs 3-17 of the General Allegations.

19.     Plaintiffs allege there is no coverage under the Protection & Indemnity (P&I) coverage of Commercial Fishing Policy No. LS123608-00, because the Claggett Defendants engaged in commercial diving and did so during the lay-up warranty period quoted above and as stated on the Declarations Page and Endorsement Number Two of the policy of insurance.

COMPLAINT FOR DECLARATORY RELIEF AS TO INSURANCE POLICY COVERAGE
ST. PAUL FIRE & MARINE, ET AL V. CLAGGETT, ET AL.
CASE NO. 3:14-cv-_____ (_____)

Page 5 of 8     /k

Case 3:14-cv-00001-SLG   Document 1   Filed 02/07/14   Page 5 of 8

20.     The Claggett Defendants breached the Lay-Up Warranty by using the vessel ISLAND DANCER for a commercial cucumber harvesting trip on January 12, 2011, which was during the warranted lay-up period.

21.     Under General Maritime Law and Alaska law, an insured's breach of an express warranty in a policy of marine insurance nulls the policy and releases the underwriters from liability for losses that occur during the period of the violation of the warranty, regardless of whether the loss is causally related to the breach of warranty. Therefore, there is no coverage for the ISLAND DANCER or the Claggett Defendants for the subject death that occurred during the Insureds' commercial operations on January 12, 2011 in breach of the lay-up warranty.

22.     In addition, Plaintiffs allege there is no coverage under the P&I coverage of Commercial Fishing Policy No. LS123608-00, because the Claggett Defendants breached the policy's prompt notice condition, which provides:

"**GENERAL CONDITIONS AND/OR LIMITATIONS**

Prompt notice of Claim

Warranted that in the event of any occurrence which may

result in loss, damage and/or expense for which this Assurer is or may become liable,

the Assured will use due diligence to give prompt notice thereof and forward to the

Assurer as soon as practicable after receipt thereof, all communications, processes,

pleadings and other legal papers or documents relating to such occurrences."

(Commercial Fishing Policy No. LS123608-00, P&I Form SP-23, Page 3.)

23.     The Claggett Defendants breached the Prompt Notice of Claim condition of the policy's P&I coverage by failing to advise Underwriters of the incident in which decedent

COMPLAINT FOR DECLARATORY RELIEF AS TO INSURANCE POLICY COVERAGE
ST. PAUL FIRE & MARINE, ET AL V. CLAGGETT, ET AL.
CASE NO. 3:14-cv-_____ (_____)
Page 6 of 8    /k

31659.gb070204    Case 5:14-cv-00001-SLG   Document 1   Filed 02/07/14   Page 6 of 8

Nelson died on January 12, 2011 until October 14, 2013 (more than 2 years and 9 months after the incident), despite the fact that Defendant BRETT L. CLAGGETT was on the vessel at the time of decedent Nelson's death. The Claggett Defendants' breach of the policy's prompt notice condition has prejudiced Underwriters' ability to investigate the incident and/or to handle the claim.

24. Due to the Claggett Defendants' long delay in providing notice to Underwriters of the January 12, 2011 incident, Underwriters have not had the ability or opportunity to fully investigate the facts and circumstances of the incident occurring on January 12, 2011, and additional facts may be discovered hereafter which would warrant Underwriters' denial of coverage on different or additional grounds not stated herein. Underwriters reserve the right to seek the Court's declaration regarding coverage on any other ground(s) not raised herein based on facts or information that may be discovered hereafter. The circumstances relating to the Claggett defendants' representation as to lay-up of the vessel and their failure to disclose commercial use of the vessel during lay-up for diving operations remain unknown to Underwriters, who therefore reserve the right to seek the Court's declaration and any other relief warranted in equity or at law related to any representation and/or nondisclosure.

25. Underwriters further specifically reserve the right to assert the defense of misrepresentation and/or nondisclosure in relation to the insureds engaging in diving operations, which was a material fact that was not disclosed the underwriters.

26. In the event the Court finds that the claims asserted in the Underlying Lawsuit are covered by the P&I coverage of Commercial Fishing Policy No. LS123608-00, then Plaintiffs contend and seek a determination by the Court that Plaintiffs' interpretation of the policy at issue is reasonable and that the dispute regarding construction of the policy and conduct in reliance on that interpretation is reasonable as a matter of law.

COMPLAINT FOR DECLARATORY RELIEF AS TO INSURANCE POLICY COVERAGE
ST. PAUL FIRE & MARINE, ET AL V. CLAGGETT, ET AL.
CASE NO. 3:14-cv-_____ (_____)

Page 7 of 8 /k

Case 3:14-cv-00001-SLG   Document 1   Filed 02/07/14   Page 7 of 8

27. An actual controversy now exists between Plaintiffs, who contend that there is no coverage under the P&I coverage of Commercial Fishing Policy LS123608-00 for the claims alleged in the Underlying Lawsuit, and Defendants, who contend that they are entitled to a full defense and indemnification for any ultimate liability to plaintiff in the Underlying Lawsuit. As an actual controversy now exists, Plaintiffs are entitled to declaratory relief as alleged above and hereinafter requested.

WHEREFORE, for the First Claim for Relief, Plaintiffs pray that the Court render a declaratory judgment as follows:

(A) That there is no coverage under the Commercial Fishing Policy No. LS123608-00 for the matters alleged in the Underlying Lawsuit;

(B) That Plaintiffs be awarded costs of suit; and

(C) That the Court grant any further relief in law or in equity as may be proper.

DATED this 7th day of February 2014 at Anchorage, Alaska.

FARLEY & GRAVES, P. C.

By: s/LAURA L. FARLEY
LAURA L. FARLEY, ESQ.
807 G Street, Suite 250
Anchorage, AK 99501
Ph. (907) 274-5100
Fax (907) 274-5111
E-Mail: lfarley@farleygraves.com
khelton@farleygraves.com
Alaska Bar No.: 9211078
Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY RELIEF AS TO INSURANCE POLICY COVERAGE
ST. PAUL FIRE & MARINE, ET AL V. CLAGGETT, ET AL.
CASE NO. 3:14-cv-_____ (_____)
Page 8 of 8    /k

Case 5:14-cv-00001-SLG   Document 1   Filed 02/07/14   Page 8 of 8